IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARIA RENDON VALE § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | JURY DEMANDED |
| § | |
| COMPANION PROPERTY AND § | |
| CASUALTY INSURANCE § | |
| COMPANY § | |
| Defendant § | |

### COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant Companion Property and Casualty Insurance Company in Cause No. C-8909-14-B pending in the 93rd Judicial District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1   On or about December 30, 2014 Plaintiff filed her Original Petition in the matter styled *Maria Rendon Vale v. Companion Property and Casualty Insurance Company,* Cause No. C-8909-14-B pending in the 93rd Judicial District Court, Hidalgo County, Texas. Therein, Plaintiff made a claim for damages to her home at 1222 W.

1

Sprague St., Edinburg, Texas 78539, under a homeowner's insurance policy issued by Defendant.  Significantly, Defendant Companion Property and Casualty Insurance Company is a foreign entity with its principal place of business in South Carolina.

1.2     Plaintiff served Defendant Companion Property and Casualty Insurance Company with her Original Petition and process on January 16, 2015.

1.3     Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for their case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel.  Attached hereto as Exhibit "D" is the affidavit of R. Travis Miller.   Attached to the affidavit of R. Travis Miller as Exhibit "1" is Plaintiff's demand letter of January 6, 2015.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2     Plaintiff Maria Rendon Vale is, and was at the time the lawsuit was filed, a resident of the State of Texas.

2.3     Defendant Companion Property and Casualty Insurance Company is incorporated, and has its principal place of business, in South Carolina.  Accordingly, Companion Property and Casualty Insurance Company is a citizen of the State of South Carolina.

### A. Because Defendant is a Foreign Citizen, there is Complete Diversity in this Case.

2.4     It is undisputed that Plaintiff is a citizen of Texas.  Because the defendant in this case, Companion Property and Casualty Insurance Company, is a foreign defendant, there is complete diversity in this case, making removal appropriate.  *See* 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.5     Companion Property and Casualty Insurance Company is incorporated and has its principal place of business, in South Carolina, not Texas.  Accordingly, Companion Property and Casualty Insurance Company is a citizen of the State of South Carolina.

2.6     Because there is complete diversity, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

2.7     Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the plaintiff's complaint.  *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995).  However, a plaintiff's written demand letter constitutes evidence of the amount in controversy.  *Liberty Surplus Ins. Corp. v. Slick Willie's of America*, 2007 WL 1795860 (S.D. Tex. 2007); *see also King v. Ameriprise Fin. Svcs., Inc*., 2009 WL 1767641, *3-4 (S.D. Tex. 2009); *Cronin v. State Farm Lloyds*, 2008 WL

4649653, *3 (S.D. Tex. 2008) ("The Fifth Circuit has looked to pre-suit demand letters as evidence of the amount in controversy").

2.8     Plaintiff's claims are centered on the alleged failure to pay the full proceeds of her insurance policy necessary to make repairs to her property. She seeks recovery of actual damages, treble damages, statutory penalties, punitive damages, attorney's fees, and prejudgment and post-judgment interest. *See* Plaintiff's Original Petition, p. 14, ¶¶ XII. Additionally, in a demand letter of December 2, 2014, Plaintiff seeks damages of $26,545.57, which includes $17,997.68 in economic damages, $3,239 in "18% Interest" and $5,309.31 in Attorney's Fees. *See* Exhibit D, Affidavit of R. Travis Miller and Exhibit 1 attached thereto. The demand letter also indicates Plaintiff will seek treble damages for the economic damages, which brings the total demand to $62,541.93. Based on Plaintiff's future attorney's fees together with her prayer for punitive damages, this clearly demonstrates that the amount in controversy in Plaintiff's case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Companion Property and Casualty Insurance Company files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3	Pursuant to 28 U.S.C. § 1446(d), promptly after Companion Property and Casualty Insurance Company files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4	Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Companion Property and Casualty Insurance Company files this Notice.

## IV.
## CONCLUSION

4.1	Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Companion Property and Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:    /s/Thomas F. Nye
Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
Attorney-in-charge
tnye@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
Telephone: (361) 654-7008
Fax: (361) 654-7001

*Of counsel:*
William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P. O. Box 5959
Brownsville, Texas 78523
Telephone: (956) 544-7110
Fax: (956) 544-0607

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
Telephone: (361) 654-7008
Fax: (361) 654-7001

ATTORNEYS FOR DEFENDANT
COMPANION PROPERTY AND
CASUALTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I certify that on February 16, 2015, a copy of Defendant Companion Property and Casualty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff Maria Rendon Vale:

*Attorneys for Plaintiff*
Aloysius Peter Thaddeus, Jr.
Pape Malick Djiba
Vicente Gonzalez
V. Gonzalez & Associates, P.C.
121 N. 10th Street
McAllen, Texas 78501
**Certified Mail No. 7013263000013110 9810**

    /s/Thomas F. Nye
Thomas F. Nye