Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NUMBER C-8909-14-B

| | | |
|---|---|---|
| MARIA RENDON VALE | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MARIA RENDON VALE** (hereinafter referred to as ("PLAINTIFF"), and files her first Original Petition against DEFENDANT, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** for cause of action would respectfully show the Court the following:

#### I.    Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

#### II.    Service of Process

Defendant, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service: **C T CORPORATION SYSTEM 1999 BRYAN ST. STE 900 DALLAS, TEXAS 75201 – 3136.**

DATE _____2/11/15_____
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#3



EXHIBIT
B

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** is in the business of insurance in the State of Texas. The insurance business done by **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** in Texas includes, but is not limited to the following:

1.  The making and issuing of contracts of insurance with the PLAINTIFF;

2.  The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3.  The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4.  The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5.  The adjusting and inspection of PLAINTFF'S insurance claims;

6.  Making insurance coverage decisions;

7.  Taking part in making insurance coverage decisions; and

8.  Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

III.    Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8909-14-B**

IV.    Facts

**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** and/or its agents committed the actions alleged against PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 1222 W. SPRAGUE ST. EDINBURG, TEXAS 78539. POLICY NO. CDA 000007267-2, CLAIM NO. COC62722 **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** provided coverage to the PLAINTIFF for such building, personal property, and other matters under **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** insurance **POLICY NO. CDA000007267-2.** During the term of said policy, PLAINTIFF sustained covered losses in the form of a rain/windstorm occurring on or about **MAY 28, 2014** in HIDALGO County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** pursuant to the terms of the insurance policy. As a result, PLAINTIFF property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY.** PLAINTIFF'S has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** conduct.

V.    Conditions Precedent

All notices and proofs of loss were timely and properly given to **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**. All of the conditions precedent to bring about this suit under the insurance policy have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery has occurred and/ or has been performed, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**. PLAINTIFF'S property was damaged by windstorm and water damage, of which are covered under the insurance policy. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has denied and/or delayed payment of PLAINTIFF'S covered claims. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** was irresponsible, and unconscionable. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has, by its conduct, breached its contract with the PLAINTIFF. The conduct of **COMPANION**

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

**PROPERTY AND CASUALTY INSURANCE COMPANY** has proximately caused the injuries and damages to the PLAINTIFF.

VII.    Second Cause of Action: DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFF'S damages:

(a)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

(d)     As described above, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** took advantage of PLAINTIFF's lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF property. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sues. The conduct of the **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.   Unfair Insurance Practices

**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to properly process claims and have misrepresented material facts to the PLAINTIFF. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** have failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8909-14-B**

intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and have intentionally ignored damages to the dwelling. PLAINTIFF' property suffered from covered losses and damages of which **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** is fully aware. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has concealed damage known by them to exist. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF's pleas for help. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has failed to warn PLAINTIFF of consequential damage to her property.

By its conduct outlined above, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** breached its duty of good faith and fair dealing at common law;

(5)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

### C-8909-14-B

doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

    (a)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)    the terms of the policy; and/or

        (ii)    the benefits or advantages promised by the policy.

    (b)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

    (c)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

    (d)    **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

    (e)    Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** conduct as described herein was a producing cause of damages to PLAINTIFF for which it sues.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF' claims were presented to **COMPANION PROPERTY AND CASUALTIY INSURANCE COMPANY** liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFF'S claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, **COMPANION**

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

PROPERTY AND CASUALTY INSURANCE COMPANY'S breached its duty to deal fairly and in good faith with the PLAINTIFF. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

X.     Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY. COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claims. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S** reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S** investigation and use of adjusters' reports was an "outcome oriented investigation." **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** failed to comply with one or more of the requirements of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)     Failing to pay PLAINTIFF claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

(c)    Failing to request all of the items, statements and forms the Defendant reasonably

believed at the time would be required from PLAINTIFF to pay the claim within

15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** the statutory penalty of 18% per annum on all amounts due on PLAINTIFF claims, together with attorney's fees, for which she sues.

XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** as to any exclusion, condition, or defense pled by **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**, PLAINTIFF would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.  Any other construction and its use by **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-8909-14-B

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**. In this regard, PLAINTIFF would show that their insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** is judicially, administratively, or equitably estopped from denying PLAINTIFF's construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8909-14-B**

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which she may show herself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

XIII.    JURY DEMAND

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

XIV.    REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that **COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY** disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Electronically Filed
12/30/2014 2:55:55 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-8909-14-B**

Respectfully submitted,

**V. GONZALEZ & ASSOCIATES, P.C.**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ Pape Malick Djiba.
**PAPE MALICK DJIBA**
State Bar No. 24087430
mdjiba@vgonzalezlaw.com

**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com

**VICENTE GONZALEZ**
State Bar No. 00798215

*ATTORNEYS FOR MARIA RENDON VALE*

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Companion Property & Casualty Insurance Co.

Cp CT Corporation System

1999 Bryan St. Ste. 900

Dallas, Tx 75201-3136

C-8A09-14-B

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

JAN 16 2015

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 1200 0002 0837 5464

PS Form 3811, July 2013     Domestic Return Receipt

DATE

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#3

**U.S. Postal Service**™

## CERTIFIED MAIL™ RECEIPT

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  Companion Property & Casualty Ins. Co.

Street, Apt No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7014 1200 0002 0837 5464



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

FILED

AT _____ O'CLOCK _____ M

JAN 2 3 2015

LAURA HINOJOSA, CLERK
District Court Hidalgo County

By_____ Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **MARIA RENDON VALE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| | § | |
| **COMPANION PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **Defendant** | § | |

### VERIFICATION

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Thomas F. Nye, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Thomas F. Nye. I am one of the Attorneys of Record for Defendant Companion Property and Casualty Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Companion Property and Casualty Insurance Company's Original Answer filed with the Hidalgo County District Clerk in Cause No. C-8909-14-B on February 16, 2015. These factual statements are within my personal knowledge, and are true and correct."

1

Further affiant sayeth not.

_____
Thomas F. Nye

SUBSCRIBED AND SWORN TO BEFORE ME by Thomas F. Nye on this the

16th of February, 2015 to certify which witness my hand and official seal.

_____
Notary Public, in and for the
State of Texas

NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019

2

CAUSE NO. C-8909-14-B

| | | |
|---|---|---|
| MARIA RENDON VALE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and make and file this, its Original Answer in reply to Plaintiff's Petition, and for such answer and would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Original Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

        a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

b.    that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

4.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant go hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
717 Everhart, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the ___16th___ day of February, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Aloysius Peter Thaddeus, Jr.
Pape Malick Djiba
Vicente Gonzalez
V. Gonzalez & Associates, P.C.
Email:  peter@vgonzalezlaw.com
        mdjiba@vgonzalezlaw.com
        vgusalaw@yahoo.com

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye